IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA ) | INFORMATION |
| ) | Case No. **08 CR 056 C** |
| v. ) | |
| ) | 18 U.S.C. § 1001 |
| WALTER J. PALMER, ) | |
| ) | |
| Defendant. ) | |

---

THE UNITED STATES ATTORNEY CHARGES:

<u>COUNT 1</u>

1.  At all times material to this information:

    (a)  The hunting of black bears in the State of Wisconsin was regulated by state law and allowed only in specific geographical areas known as Zone A, Zone B, and Zone C. The Wisconsin Department of Natural Resources (DNR) created a subzone in Zone A designated as Subzone A1. The DNR created the subzone to shift hunting pressure from the more heavily hunted portions of Zone A to the less heavily hunted Subzone A1. Each year the DNR issued a limited number of bear hunting licenses. A hunter with a Zone A license was allowed to hunt in the entire zone, including Subzone A1. A hunter with a license to hunt in Subzone A1, however, was authorized to hunt only in Subzone A1, not in the rest of Zone A.

    (b)  Each licensed hunter received a numbered tag from the DNR. The tag listed the zone or subzone in which the hunter was authorized to kill a bear. When a hunter killed a bear, Wisconsin law required the hunter to immediately tag the bear

A TRUE COPY Certified
SEP 2 2008
Joel Turner, Acting Clerk
U.S. District Court
Western District of Wisconsin
BY _____
Deputy Clerk

SCANNED
SEP 0 5 2008
U.S. DISTRICT COURT ST. PAUL

and transport it to a registration station located within the zone or subzone in which the bear had been killed.

(c) On September 1, 2006, the DNR issued a license to WALTER J. PALMER, authorizing him to hunt and kill a bear only in Subzone A1. On September 30, 2006, PALMER, with the assistance of Chad Barth, Trent Waggoner, and others, hunted and killed a black bear near Phillips in Price County, Wisconsin, at a location in Zone A approximately 40 miles by vehicle outside of Subzone A1.

(d) After learning that the bear had been killed illegally, PALMER, Barth, Waggoner, and others agreed that if any authorities were to ask where the bear had been killed, they would say it had been killed off Taylor Lake Road south of Minong, a location in Subzone A1. PALMER and others transported the bear carcass from Zone A in the vicinity of Philips, Wisconsin, to a registration station in Subzone A1. At the registration station, PALMER filed a Bear Registration Stub, falsely certifying that the bear had been killed in Washburn County in Subzone A1. PALMER later caused the bear carcass to be transported from Wisconsin to Minnesota.

2. During the period from October 15, 2006, to October 25, 2006, the defendant,

WALTER J. PALMER,

knowingly made material false statements to an agent of the Department of the Interior, U. S. Fish and Wildlife Service, in a matter within the jurisdiction of the executive branch of the Government of the United States. Specifically, in interviews with a special

2

agent of the U. S. Fish and Wildlife Service, PALMER falsely stated that he believed he had shot the bear off Taylor Road, and falsely stated that he thought the bear had been killed legally.

(In violation of Title 18, United States Code, Section 1001.)

## FORFEITURE ALLEGATION

1. Paragraph 1 of Count 1 is re-alleged here as Paragraph 1.

2. Pursuant to Title 16, United States Code, Sections 3374(a)(1), upon PALMER'S conviction of Count One of this information, the remains of the black bear shall be subject to forfeiture to the United States.

_4-4-208_
Date

_____
ERIK C. PETERSON
United States Attorney

# United States District Court

## Western District Of Wisconsin

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 08-CR-56-C-01 |
| WALTER J. PALMER | **Defendant's Attorney:** Douglas A. Kelley |

The defendant, Walter J. Palmer, pleaded guilty to count 1 of the information.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 U.S.C. § 1001 | False Statement to U.S. Fish and Wildlife Service; a Class D felony | October 25, 2006 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.**

| | | |
| --- | --- | --- |
| **Defendant's Date of Birth:** | January 16, 1960 | July 15, 2008 |
| | | Date of Imposition of Judgment |
| **Defendant's USM No.:** | 06625-090 | |
| **Defendant's Residence Address:** | 11413 Landing Road<br>Eden Prairie, MN 55347 | /s/ Barbara B. Crabb |
| | | Barbara B. Crabb<br>District Judge |
| **Defendant's Mailing Address:** | 11413 Landing Road<br>Eden Prairie, MN 55347 | |
| | | July 15, 2008 |
| | | Date Signed: |

A TRUE COPY Certified
SEP - 2 2008
Joel Turner, Acting Clerk
U.S. District Court
Western District of Wisconsin
BY _____
Deputy Clerk

| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: WALTER J. PALMER | Judgment - Page 2 |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: 08-CR-56-C-01 | Judgment - Page 2 |

# PROBATION

As to count 1 of the information, defendant shall be on probation for a term of one year.

While on probation, defendant shall not commit another federal, state, or local crime.

While on probation, defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm or destructive device while on probation.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

In addition to the standard conditions of probation, the following special conditions of probation are appropriate in light of the nature and circumstances of the offense, as well as defendant's history and characteristics. Defendant is to:

(1) Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

(2) Provide the supervising U.S. probation officer any and all requested financial information;

(3) Submit his person, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition;

(4) Participate in mental health counseling or treatment, as approved and directed by the supervising U.S. probation officer;

(5) Refrain from the use of alcohol and participate in alcohol abuse treatment and testing as directed by the supervising U.S. probation officer; and

(6) If not employed at a regular lawful occupation, perform up to 20 hours of community service each week, as deemed appropriate by the supervising U.S. probation officer, until employed. Defendant may also participate in training, counseling, daily job search or other employment-related activities, as directed by the supervising U.S. probation officer.

Because the instant offense is not drug related and defendant does not have a history of drug abuse, the requirement for mandatory drug testing in 18 U.S.C. §§ 3563(a) and 3583(d) is waived.

Defendant shall be permitted to possess archery equipment for lawful sporting purposes.

CASE 0:08-cr-00272-ADM   Document 2   Filed 09/05/08   Page 6 of 14
Case: 3:08-cr-00   -bbc   Document #: 17   Filed: 07/  /2008   Page 3 of 5

| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: WALTER J. PALMER | Judgment - Page 3 |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: 08-CR-56-C-01 | Judgment - Page 3 |

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT:   WALTER J. PALMER     Judgment - Page 4
AO 245 B (Rev. 3/01)(N.H. Rev.)     CASE NUMBER:   08-CR-56-C-01     Judgment - Page 4

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $2,938.00 | $0.00 |
| **Total** | $100.00 | $2,938.00 | $0.00 |

Defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. I note for the record that defendant satisfied this court-ordered financial obligation on April 22, 2008.

In addition, pursuant to 18 U.S.C. § 3563(a)(2), it is adjudged that defendant is to pay a $2,938 fine. This figure represents the reasonable estimate of the market value of the illegally taken black bear plus the typical fine assessed in unauthorized bear harvests in the state of Wisconsin. The fine is due and payable immediately to the Clerk of Court for the Western District of Wisconsin.

Under 16 U.S.C. § 3374(a)(1), the remains of the black bear that is the subject of the criminal charge in the information shall be forfeited to the government.

AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: **WALTER J. PALMER** | Judgment - Page 5
AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: **08-CR-56-C-01** | Judgment - Page 5

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:
- (1) assessment;
- (2) restitution;
- (3) fine principal;
- (4) cost of prosecution;
- (5) interest;
- (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.

CLOSED, SINGLE_DEFT

# U.S. District Court
## Western District of Wisconsin (Madison)
### CRIMINAL DOCKET FOR CASE #: 3:08-cr-00056-bbc All Defendants

Case title: USA v. Palmer, Walter J.

Date Filed: 04/04/2008
Date Terminated: 07/16/2008

Assigned to: Chief Judge Barbara B Crabb
Referred to: Magistrate Judge Stephen L Crocker

**Defendant**

**Walter J. Palmer** (1)
*TERMINATED: 07/16/2008*

represented by **Douglas Kelley**
431 South 7th Street
Suite 2530
Minneapolis, MN 55415
612-371-9090
Fax: 612-371-0574
Email: dkelley@kelleywolter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:1001.F STATEMENTS OR
ENTRIES GENERALLY
(1)

**Disposition**

One year probation, $100 C/A,
$2,938.00 fine

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

A TRUE COPY Certified
SEP - 2 2008
Joel Turner, Acting Clerk
U.S. District Court
Western District of Wisconsin
BY _____
Deputy Clerk

**Highest Offense Level (Terminated)**

None

**Complaints**

**Disposition**

None.

**Plaintiff**

USA  represented by **Stephen Paul Sinnott**
United States Attorney's Office
660 West Washington Avenue, #303
Madison, WI 53703
608-264-5158
Email: steve.sinnott@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text | QC Email |
|---|---|---|---|
| 04/04/2008 | 1 | JS-45 CRIMINAL COVER SHEET (Sealed) as to Walter J. Palmer. (krj) (Entered: 04/07/2008) | Kris R Jacobson |
| 04/04/2008 | 2 | INFORMATION as to Walter J. Palmer (1) count(s) 1. (krj) (Entered: 04/07/2008) | Kris R Jacobson |
| 04/07/2008 | 3 | Summons Issued in case as to Walter J. Palmer. Delivered to USMS for service. (krj) (Entered: 04/07/2008) | Kris R Jacobson |
| 04/11/2008 |  | Arraignment as to Walter J. Palmer set for 4/22/2008 at 01:00 PM. (lak) (Entered: 04/11/2008) | Lynn A Kamke |
| 04/16/2008 | 4 | Summons Returned Executed on 4/11/08. as to Walter J. Palmer (vob) (Entered: 04/17/2008) | Vivian O Balderas |
| 04/18/2008 |  | Plea Hearing set for 4/22/2008 at 01:40 PM before Judge Barbara B. Crabb. Arraignment set for 4/22/08 at 1:00 PM before Magistrate Judge Owens is cancelled. (llj) (Entered: 04/18/2008) | Lori L Jensen |
| 04/22/2008 | 5 | WAIVER OF INDICTMENT by Walter J. Palmer (llj) (Entered: 04/22/2008) | Lori L Jensen |
| 04/22/2008 | 6 | PLEA AGREEMENT as to Walter J. Palmer (llj) (Entered: 04/22/2008) | Lori L Jensen |
| 04/22/2008 | 7 | Minute Entry for proceedings held before Judge Barbara B Crabb :Plea Hearing as to Walter J. Palmer held on 4/22/2008. Guilty plea entered. [:20] Presentence Report due by 5/30/2008. Objections to PSR due by 6/13/2008. Sentencing set for 7/15/2008 01:00 PM. (Court Reporter LS.) (llj) (Entered: 04/22/2008) | Lori L Jensen |

| 04/22/2008 | ●8 | ORDER Setting Conditions of Release. Signed by Judge Barbara B Crabb on 4/22/2008. (llj) (Entered: 04/22/2008) | Lori L Jensen |
|---|---|---|---|
| 05/30/2008 | ●9 | PRESENTENCE INVESTIGATION REPORT as to Walter J. Palmer (Sealed) (jae) (Entered: 05/30/2008) | Jane Ann Erickson |
| 06/09/2008 | ● | Receipt for Surrender of Passport as to Walter J. Palmer Passport Number 076877511 issued by USA. (elc) (Entered: 06/09/2008) | Erica L Clark |
| 06/11/2008 | ●10 | LETTER STATING NO OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT by USA re: Walter J. Palmer (Sealed) (Sinnott, Stephen) (Entered: 06/11/2008) | Stephen Paul Sinnott |
| 06/13/2008 | ●11 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Walter J. Palmer (Sealed) (Attachments: # 1 Certificate of Service) (Kelley, Douglas) (Entered: 06/13/2008) | Douglas Kelley |
| 06/16/2008 | ●12 | ADDENDUM TO PRESENTENCE INVESTIGATION REPORT as to Walter J. Palmer (Sealed) (jae) (Entered: 06/16/2008) | Jane Ann Erickson |
| 07/03/2008 | ●14 | SENTENCING MEMORANDUM by Walter J. Palmer (Sealed) (Attachments: # 1 Certificate of Service) (Kelley, Douglas) (Entered: 07/03/2008) | Douglas Kelley |
| 07/16/2008 | ●15 | STATEMENT OF REASONS (Sealed) as to Walter J. Palmer (Sealed Document) (vob) (Entered: 07/16/2008) | Vivian O Balderas |
| 07/16/2008 | ●16 | Minute Entry for proceedings held before Judge Barbara B Crabb: Sentencing held on 7/15/2008 for Walter J. Palmer (1), Count 1, one year probation, $100 C/A, $2,938.00 fine. [:16] (Court Reporter LS) (arw) (Entered: 07/16/2008) | Andrew R Wiseman |
| 07/16/2008 | ●17 | JUDGMENT AND COMMITMENT as to Walter J. Palmer (1), Count(s) 1, One year probation, $100 C/A, $2,938.00 fine (Sealed Document) re: Walter J. Palmer Signed by Judge Barbara B Crabb on 7/15/08. (vob) (Entered: 07/16/2008) | Vivian O Balderas |
| 07/16/2008 | ●18 | JUDGMENT AND COMMITMENT - Redacted re: 17 Judgment and Commitment re: Walter J. Palmer Signed by Judge Barbara B Crabb on 7/15/08. (vob) (Entered: 07/16/2008) | Vivian O Balderas |
| 08/28/2008 | ●19 | Order Transferring Jurisdiction of Supervision to District of Minnesota. Signed by Judge Barbara B Crabb on 8/6/08. (elc) (Entered: 09/02/2008) | Erica L Clark |

09/02/2008 04:02 PM EST

**U.S. Courts**
**Case Inquiry Report**

Case Number   DWIW308CR000056        Case Title   USA V. WALTER J. PALMER

**Summary Party Information:**

| Party# | Party Name | Debt Type | Total Owed | Total Collected | Total Outstanding |
|---|---|---|---|---|---|
| 001 | WALTER J. PALMER | SPECIAL PENALTY ASSESSMENT | 100.00 | 100.00 | 0.00 |
| 001 | WALTER J. PALMER | FINE-CRIME VICTIMS FUND | 2,938.00 | 2,938.00 | 0.00 |
|  |  |  | 3,038.00 | 3,038.00 | 0.00 |

**Registry Information:**

| Depository Code | Depository Name | Account Type | Account Code | Depository Total |
|---|---|---|---|---|

Version 7.0.1   Page 1 of 3

CR08-272 ADM

# U.S. Courts
# Case Inquiry Report

**Detailed Party Information:**

| Party Number | Party Name |
|---|---|
| 001 | WALTER J. PALMER |

**Debt Type**
**SPECIAL PENALTY ASSESSMENT**

| Fund | Principal | Interest | Penalty | Total |
|---|---|---|---|---|
| Fund | 504100 | | | N/A |
| Owed | 100.00 | 0.00 | 0.00 | 100.00 |
| Collected | 100.00 | 0.00 | 0.00 | 100.00 |
| Outstanding | 0.00 | 0.00 | 0.00 | 0.00 |
| Paid | 0.00 | 0.00 | N/A | 0.00 |
| Refunded | 0.00 | 0.00 | N/A | 0.00 |
| Available | 100.00 | 0.00 | N/A | 100.00 |

**FINE-CRIME VICTIMS FUND**

| Fund | Principal | Interest | Penalty | Total |
|---|---|---|---|---|
| Fund | 504100 | | | N/A |
| Owed | 2,938.00 | 0.00 | 0.00 | 2,938.00 |
| Collected | 2,938.00 | 0.00 | 0.00 | 2,938.00 |
| Outstanding | 0.00 | 0.00 | 0.00 | 0.00 |
| Paid | 0.00 | 0.00 | N/A | 0.00 |
| Refunded | 0.00 | 0.00 | N/A | 0.00 |
| Available | 2,938.00 | 0.00 | N/A | 2,938.00 |

**Totals**

| | Principal | Interest | Penalty | Total |
|---|---|---|---|---|
| Owed | 3,038.00 | 0.00 | 0.00 | 3,038.00 |
| Collected | 3,038.00 | 0.00 | 0.00 | 3,038.00 |
| Outstanding | 0.00 | 0.00 | 0.00 | 0.00 |
| Paid | 0.00 | 0.00 | N/A | 0.00 |
| Refunded | 0.00 | 0.00 | N/A | 0.00 |
| Available | 3,038.00 | 0.00 | N/A | 3,038.00 |

09/02/2008 04:02 PM EST

**U.S. Courts**
**Case Inquiry Report**

Transaction Information:

| Document Type/Number* | Account Number | Document Date | Debt Type | Line# | Accomplished Date | Debt Type | Line Type | Payee Line# | Amount | Depository Line# | Party/Payee Name | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CT 34690000752 | DWIW308CR000056-001 | 04/22/2008 | | 1 | 04/23/2008 | | PR SPECIAL PENALTY ASSESSMENT | | 100.00 | | WALTER J. PALMER | 0 | 04 | 504100 |
| CT 34690001592 | DWIW308CR000056-001 | 07/15/2008 | | 2 | 07/17/2008 | | PR FINE-CRIME VICTIMS FUND | | 2,938.00 | | WALTER J. PALMER | 0 | 04 | 504100 |

* Document Type Legend

| Document Type | Document Type Name |
|---|---|
| CT | Cash Receipt - CCA Automated |

Version 7.0.1 Page 3 of 3